Peck, J.
delivered the opinion of the court.
Drunkenness is a habit, and the habit indulged in will make it a disease; it must bo distinguished from those diseases which may be denominated constitutional. As moral agents, the propensity which some men have to indulge in the use of spirits, must be under their own control. Some diseases, such as gout, may be partly constitutional, and partly from habit; if it arises from indulgence, it is probably curable, but the moral faculty in this latter case, as well as in the case of drunkenness, must be exercised. If in either case the disposition be destroyed; to indulge again so as to bring about the disease, proves a disregard of that sense of moral principle which a rational being would be expected to exercise. Our boast of the superior powers of the rational man, cre *148 ateS astonishment that any should voluntarily degrade those powers by the disgusting habit of drunkenness.— But that it exists, we have the experience of every day to attest; and if, fortunately, the patient had been so far cured as that the propensity had been destroyed, as a good citizen, the patient was bound to have profited by the skill of the physician that had restored and placed him, as a rational being, amongst his fellow men.
To admit that after being so placed he might return, is to admit that by his own voluntary act he could defeat the physician of his promised reward; and it would hence follow, that by taking advantage of his own wrong, the physician would have the twofold mortification of losing his fee and seeing his skill mocked at. Therefore, it should have been left to the jury to say, whether, if the propensity had been destroyed, the patient returned to his habits of drunkenness with the dishonest purpose of evading the contract.
This, in all probability, was the turning point in the cause; and for myself, I would no more tolerate the principle that a man, by his after voluntary drunkenness, should defeat his contract, than I would excuse him for the commission of a crime, on his plea that at the time, he was bereft of reason from having indulged too frequently in intoxicating liquors.
The case being one of the first impression, is not on that account to be regarded as too light for serious consideration. Let the judgment of the circuit court be reversed and the cause remanded to be tried by thq law as understood in this opinion.
Judgment reversed.